UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GREEN TREE CREDIT, LLC as successor
by merger to CONSECO FINANCE CREDIT
CORP (formerly GREEN TREE CREDIT
CORP.),

                              Plaintiff,

           v.                                  3:04-cv-0590

COUNTY OF CHENANGO, WILLIAM E.
EVANS, as Treasurer of the County of
Chenango, PAUL NEUMAN, Trustee of the
WINDHAM RD LAND TRUST and EDWARD
F. HINMAN,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

**I.     INTRODUCTION**

       Plaintiff Green Tree Credit, LLC commenced the instant action seeking to void a tax foreclosure proceeding and the subsequent transfer of certain real property as being in violation of the automatic stay of 11 U.S.C. § 362 and its rights under the Due Process Clause of the Fourteenth Amendment, the New York State Constitution, and the New York State Real Property Tax Law.

## II.     FACTS

Plaintiff[1] was the mortgagee of certain real property (the "Property") located in County of Chenango, State of New York and owned by Defendant Edward Hinman. After Hinman failed to pay taxes on the Property, Defendant County of Chenango, through its treasurer, Defendant William Evans (collectively the "Chenango Defendants") commenced tax foreclosure proceedings under Article 11 of the New York Real Property Law. Plaintiff did not receive notice of the tax foreclosure proceedings because the Chenango Defendants sent the notice to an address that was no longer being used by Plaintiff. While the tax foreclosure proceedings were pending, Plaintiff filed for bankruptcy in the Northern District of Illinois. In February 2003, the bankruptcy court entered an order of relief. Thereafter, in March 2003, the Chenango Defendants obtained a default judgment in their favor in the tax foreclosure proceedings. As a consequence, the property was conveyed to the County of Chenango. Chenango County then conveyed its interest in the property to Defendant Windham Rd. Land Trust.

Plaintiff now brings the instant action claiming that: (1) by continuing with the tax foreclosure action, the Chenango Defendants' actions violated the automatic stay of 11 U.S.C. § 362; (2) by failing to provide proper notice of the tax foreclosure proceedings to Plaintiff, the Chenango Defendants' actions violated Plaintiff's due process rights; and (3) the Chenango Defendants failed to comply with New York Real Property Tax Law § 1125(1). Plaintiff seeks to vacate the default judgment concerning the tax foreclosure proceeding and

---

[1] According to the Complaint, Green Tree Credit, LLC is the successor by merger to Conseco Finance Credit Corp., which was formerly Green Tree Credit Corp. For the sake of simplicity, the Court will refer to the various entities as "Plaintiff."

to cancel the subsequent transfers of interests in the Property. Presently before the Court is Plaintiffs' motion pursuant to FED. R. CIV. P. 56 seeking summary judgment on its claims and seeking dismissal of the counterclaim by Defendant Windham Rd. Land Trust and the Chenango Defendants' cross-motion pursuant to FED. R. CIV. P. 56 seeking summary judgment on the cross-claim brought by Defendant Windham Rd. Land Trust.

### III.   STANDARD OF REVIEW

In addressing the parties' motions, the Court will apply the well-settled standards applicable to motions for summary judgment, which need not be restated.

### IV.   DISCUSSION

#### a.   **Automatic Stay**

Plaintiff seeks summary judgment on the ground that the continuation of the tax foreclosure proceedings violated the automatic stay of 11 U.S.C. § 362(a). In response, the County "does not oppose so much of the plaintiff's motion as seeks summary judgment on its first cause of action which is based upon an unintentional violation by the County of the automatic stay afforded the plaintiff in its bankruptcy case." There is no evidence in the record from which a fair-minded trier of fact could reasonably conclude that the Chenango Defendants intentionally violated the automatic stay.

Defendant Windham Rd. Land Trust contends that it is a good faith purchaser and, thus, it should be entitled to retain the property. There is growing body of authority to the effect that there is no good faith purchaser exception to violations of the automatic stay. See 40235 Washington St. Corp., 40234 Washington St. Corp. v. W.C. Lusardi, 329 F.3d 1076, 1080-83 (9th Cir.), cert. denied, 540 U.S. 983 (2003); In re Abusaad, 309 B.R. 895 (Bankr.

N.D.Tex. 2004); In re Ford, 296 B.R. 537 (Bankr. N.D. Ga. 2003). The Court agrees with the reasoning of these decisions.

Even assuming there is a good faith purchaser exception applicable here, the Windham Rd. Land Trust has submitted no evidence, admissible in form, in support of its contention that it is a good faith purchaser. An attorney's affidavit that is not based on personal knowledge is insufficient to create a triable issue of fact. Accordingly, there is insufficient evidence in the record upon which a fair-minded trier of fact could reasonably conclude that Defendant Windham Rd. Land Trust paid fair market value for the Property or took without knowledge of Plaintiff's rights in the Property. To the contrary, the facts that Defendant Windham Rd. Land Trust bought the property at a tax sale and that a title search would have revealed Plaintiffs had an interest in the property and may not have received notice of the tax foreclosure preclude a finding that Defendant Windham Rd. Land Trust is a good faith purchaser.

Accordingly, Plaintiff's motion with respect to its first cause of action is GRANTED. Because the tax foreclosure was in violation of the automatic stay, it is void and of no effect. See In re Burg, 295 B.R. 698, 705 (Bankr. W.D.N.Y. 2003); see also 40234 Washington St. Corp., 329 F.3d at 1080. As a consequence, the transfers of the property to Chenango County and, subsequently, to the Windham Rd. Land Trust also are void.

### b.     **Due Process**

Plaintiff also contends that the tax foreclosure proceedings violated its due process rights because it was not provided with notice or an opportunity to be heard. In light of the foregoing disposition, the Court need not address this claim. It is a fundamental rule of judicial restraint that a court should not decide constitutional issues if there are

nonconstitutional grounds for decision. See Jean v. Nelson, 472 U.S. 846, 854 (1985); see also Latino Officers Ass'n, New York, Inc. v. City of New York, 196 F.3d 458, 469 n.12 (2d Cir. 1999); Dorman v. Harris, 633 F.2d 1035, 1039 n.3 (2d Cir. 1980).  In its Complaint, Plaintiff is not seeking monetary damages on any of its causes of action.  Rather, the only relief sought is an order vacating the default judgment in the tax foreclosure proceeding and declaring the subsequent transfers of the property to be void.  Because the foregoing analysis with respect to the violation of the automatic stay affords Plaintiff all relief that it was seeking, it is unnecessary to address Plaintiff's constitutional claims, which seek the identical relief.

Even if the Court was to address the constitutional claims, they must be dismissed. Because the tax foreclosure proceeding and subsequent transfers of the property have been voided, Plaintiff has been restored to its pre-tax foreclosure position and, thus, has not been deprived of any rights.  See Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (to state a § 1983 claim, the plaintiff must have been deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States).  Accordingly, Plaintiff cannot state a claim under 42 U.S.C. § 1983.

### c. Remaining State Law Causes of Action

Defendant Windham Rd. Land Trust has asserted a counterclaim against Plaintiff and a cross-claim against the County of Chenango for the value of the improvements it made to the property.  Plaintiff also asserts claims under the New York State Constitution and for a violation of New York Real Property Tax Law § 1125(1).  Having disposed of the federal causes of action at this early juncture of the case, the Court declines to exercise supplemental jurisdiction over the remaining state law causes of action.  28 U.S.C. § 1367(c).

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED as to its first cause of action. Plaintiff is entitled to a judgment on its first cause of action declaring the tax foreclosure proceeding and the subsequent transfers of the property to the County of Chenango and to the Windham Rd. Land Trust to be void. In all other respects, the motion is DENIED. The second cause of action is dismissed because Plaintiff has already been afforded all relief sought and, by virtue of the relief afforded in connection with the first cause of action, has not been deprived of any rights. Plaintiff's third and fourth causes of action are dismissed without prejudice to refiling in state court. Defendant Windham Rd. Land Trust's counterclaim against Plaintiff and cross-claim against the County of Chenango are dismissed without prejudice to refiling in state court. Chenango County's cross-motion for summary judgment is denied without prejudice to refiling in any subsequent state proceeding.

The Clerk of the Court is directed to close the file in this matter.

IT IS SO ORDERED.

Dated: July 13, 2005

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge